**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RYNONE MANUFACTURING CORP.,**

                        **Plaintiff,**

                     v.                       **3:13-CV-318
(FJS/DEP)**

**HSB STONE CORP., BARRY ECHTMAN, SYBIL
ECHTMAN, VIRGINIA MARBLE MANUFACTURERS,
INC., NANCY BRIDGFORTH, and WILLIAM
BRIDGFORTH, SR.,**

                        **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |
| **REIZES LAW FIRM, CHARTERED**<br>1200 South Federal Highway<br>Suite 301<br>Boynton Beach, Florida 33435<br>Attorneys for Plaintiff | **LESLIE N. REIZES, ESQ.** |
| **HOGAN & ROSSI**<br>3 Starr Ridge Road, Suite 200<br>Brewster, New York 10509<br>Attorneys for Defendants HSB Stone Corp.,<br>Barry Echtman, and Sybil Echtman | **DAVID SIMON, ESQ.** |
| **MCGUIREWOODS LLP**<br>1345 Avenue of the Americas<br>7th Floor<br>New York, New York 10105-0106<br>Attorneys for Defendants Virginia Marble<br>Manufacturers, Inc., and Nancy Bridgforth | **MICHAEL J. DIMATTIA, ESQ.**<br>**PHILIP A. GOLDSTEIN, ESQ.** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff brings this action alleging various claims against Defendants for breach of contract, breach of fiduciary duty, tortious interference with contract, and theft of trade secrets.

Plaintiff originally filed its Complaint on March, 21, 2013, in this Court. In its Complaint, Plaintiff asserted five causes of action against Defendants HSB Stone, Inc. ("HSB Stone"), Barry Echtman, and Sybil Echtman (collectively "the HSB Stone Defendants"), as well as Defendants Virginia Marble Manufacturers, Inc. ("Virginia Marble"), Nancy Bridgforth, and William Bridgforth, Sr., (collectively "the Virginia Marble Defendants"), all arising from the HSB Stone Defendants' alleged disclosure of Plaintiff's proprietary information to the Virginia Marble Defendants.

Specifically, Plaintiff alleged that

> HSB [Stone] breached its contract with Plaintiff by *inter alia* disclosing information and specification as to finished granite, marble, and engineered stone tops; pre-sized granite, marble and engineered stone slabs; granite, marble and engineered stone polished uncut slabs; undermount vanity bowls; stainless steel and copper undermount bowls; pedestal sinks; and styrofoam packing materials which Plaintiff had been purchasing through HSB [Stone] as its agent together with details of Plaintiff's product, sourcing, product ranges and percentage distribution for importation from China, to Plaintiff's competitor, Virginia Marble, Inc. ("Virginia Marble").

*See* Complaint at ¶ 13. Plaintiff also alleged that, "[a]s a result of the breach of contract, Virginia Marble was enabled to sell products subject of the agency agreement[] to Plaintiff's customer, NVR, Inc., which has resulted in a significant loss of revenue to Plaintiff." *See id.* at

¶ 14.[1]  Plaintiff also alleged that it and Defendant HSB Stone shared a fiduciary relationship, whereby Plaintiff reposed trust and confidence in HSB Stone, and HSB Stone undertook such trust and assumed a duty to advise, counsel, and/or protect Plaintiff. *See id.* at ¶ 15. Plaintiff alleged that Defendants HSB Stone and Virginia Marble acted in a nature that was calculated to interfere with Plaintiff's business relationship with NVR, Inc., ("NVR") and that they did in fact interfere with that relationship. *See id.* at ¶ 20. Plaintiff alleged that its "sourcing information, product specifications, percentage distribution or product mix for importation, and customer list constitute trade secrets." *See id.* at ¶ 23. Plaintiff alleged that Defendants Barry Echtman and Sybil Echtman authorized and directed Defendant HSB Stone's breach of fiduciary duty, "participated in the tortious interference with the relationship between Plaintiff and NVR, and participated in the theft of and dissemination of Plaintiff's trade secrets." *See id.* at ¶ 30. Plaintiff asserted that Defendants Nancy Bridgforth and William Bridgforth, Sr., participated in the use of trade secrets that Defendant HSB Stone stole, and directed and participated in the interference with the advantageous relationship between Plaintiff and NVR. *See id.* at ¶ 31. Plaintiff finally claimed that it had no adequate remedy at law for damages and that Defendants' acts irreparably harmed Plaintiff because Defendants' use of Plaintiff's information could "destroy Plaintiff's business and goodwill." *See id.* at ¶ 32.

  Based upon these allegations, Plaintiff brought the following claims:

(1) a breach of contract claim against Defendant HSB Stone,

(2) a breach of fiduciary duty claim against Defendant HSB Stone,

(3) a tortious interference with contract claim against Defendants HSB Stone and Virginia Marble,

(4) a theft of trade secrets claim against Defendant HSB

---

[1] The Complaint contains two paragraphs numbered "14." This citation refers to the first.

> Stone, and
>
> (5) a request for a temporary and permanent injunction restraining the individual defendants from using or disseminating Plaintiff's trade secrets.

Currently before the Court are the HSB Stone Defendants' and Virginia Marble Defendants' motions to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## II. DISCUSSION

The Supreme Court has ruled that a pleading's "factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This requirement demands "facial plausibility," that is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Second Circuit has clarified that, although *Twombly* has not raised the standard for pleading specific facts, "it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, [550 U.S. at 570,] 127 S. Ct. at 1974) (footnote omitted). As this Court has ruled, this "unexacting" requirement still "'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation' in order to withstand scrutiny." *Reed v. Doe No. 1*, No. 9:11-CV-0250, 2012 WL 4486086, *3 (N.D.N.Y. July 26, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929, ----, (2007))).

All of the claims in Plaintiff's Complaint derive from Plaintiff's unsupported accusation that Defendant HSB Stone disclosed Plaintiff's proprietary information to Defendant Virginia Marble.[2] The Complaint bases Count I for breach of contract upon Plaintiff's allegation that Defendant HSB Stone "*inter alia* disclos[ed] information and specification . . . to Plaintiff's competitor" in violation of its contract with Plaintiff. Count II for breach of fiduciary duty rests upon the allegation that Defendant HSB Stone's alleged disclosure was also a breach of its fiduciary duty to Plaintiff. Count III for tortious interference with contract is based upon Plaintiff's allegation that Defendant HSB Stone's alleged disclosure was intended to harm and did in fact harm Plaintiff's relationship to NVR. Count IV for theft of trade secrets is founded on the accusation that Plaintiff's proprietary information, which Defendant HSB Stone allegedly disclosed, included trade secrets. Count V, Plaintiff's request for a temporary and permanent injunction, is based upon Plaintiff's contention that the individual Defendants Barry Echtman, Sybil Echtman, Nancy Bridgforth, and the apparently nonexistent William Bridgforth, Sr., took part in Defendant HSB Stone's alleged disclosure to Defendant Virginia Marble.

All of Plaintiff's claims fail due to their reliance upon the disclosure allegation, which is impermissibly speculative due to Plaintiff's lack of facts specific to that allegation. *See Twombly*, 550 U.S. at 555. Plaintiff has failed to allege facts sufficient to allow this Court to draw the reasonable inference that Defendants are liable for any unlawful disclosure of information. *See Iqbal*, 556 U.S. at 678. More important than the Complaint's lack of any specific detail as to the "who, where, when, or how," is its lack of facts as to why this Court should believe that the disclosure ever occurred. At no point in the Complaint does Plaintiff even explain what facts led Plaintiff itself to believe that the disclosure occurred. Plaintiff

---

[2] For the reasons set forth below, the Court's analysis of Plaintiff's claims applies equally to the HSB Stone Defendants and the Virginia Marble Defendants.

5

alleges that, "*as a result* of the breach of contract, [Defendant] Virginia Marble was enabled to sell products subject of the agency agreement[] to Plaintiff's customer, NVR, Inc., which has resulted in a significant loss of revenue to Plaintiff." *See* Complaint at ¶ 14 (emphasis added).[3] (emphasis added)  Nowhere does Plaintiff explain its rationale for its words "as a result." Plaintiff does not describe how it made, or why this Court should make, the logical leap from the loss of its business to the loss of its proprietary information.

It is, of course, *conceivable* that Plaintiff's lost business was the result of an unlawful transfer of proprietary information from Defendant HSB Stone to Defendant Virginia Marble. However, Plaintiff has not alleged sufficient facts to indicate that this unlawful transfer was *plausible*.  Nor has Plaintiff alleged facts to indicate that it is not equally conceivable that Defendant Virginia Marble found a way to serve NVR's needs more cheaply or conveniently than Plaintiff by, for instance, communicating directly with NVR and/or engaging in prudent business practices.  The difference between conceivability and plausibility is what distinguishes Plaintiff's Complaint from one that would survive a motion to dismiss in light of *Twombly* and *Iqbal*.  *See In re Elevator Antitrust Litig.*, 502 F.3d at 50.

### III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

---

[3] The Complaint contains two paragraphs numbered "14."  This citation refers to the first.

**ORDERS** that Defendants' motions to dismiss Plaintiff's Complaint for failure to state a claim, *see* Dkt. Nos. 6, 9, are **GRANTED;**[4] and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED**

Dated: April 28, 2015
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[4] In light of the Court's decision to grant Defendants' motions to dismiss Plaintiff's Complaint in its entirety, there is no need for the Court to address the issue of whether Plaintiff incorrectly named William Bridgforth, Sr. as a Defendant in this case.